UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RANDEEP SINGH,

  Plaintiff,

 v.

P.A.M. TRANSPORT, INC. and
ALMAMOUN ALKHATIB,

  Defendants.

Case No. 3:23-cv-03313-JPG

## MEMORANDUM AND ORDER

  This matter comes before the Court on a motion to Dismiss (Doc. 7).[1] The Defendants submitted the motion on October 16, 2023. The Defendants seek dismissal of this case with prejudice because the claim was filed outside the statute of limitations. Because the Savings Clause does not apply, and the Plaintiff has refiled their claim more than two years after the alleged injury, the Court **DISMISSES** this case **with prejudice**.

  The Plaintiff allegedly suffered personal injury due to one of the Defendant's actions, in the course of the other Defendant's employment on October 3, 2019. (Doc. 1). The Plaintiff filed a case in state court for damages on November 24, 2020 (Case No. 3:21-cv-01342-JPG, Doc. 1). The case was removed to federal court on October 26, 2021. (*Id*.) After a pattern of lack of communication, the Plaintiff was repeatedly warned that the case would be dismissed for lack of prosecution if the Plaintiff continued to not respond or appear. On August 16, 2022, the Court entered an order scheduling a telephone conference and warning the Plaintiff that failure to appear would result in dismissal for lack of prosecution. (Case No. 3:21-cv-01342-JPG, Doc. 54). The Plaintiff failed to appear and the Court accordingly dismissed his claims without

---

[1] Unless otherwise indicated, all document references refer to this case (Case No. 3:23-cv-03313-JPG).

prejudice on August 30, 2022, confirmed by written order on September 2, 2022. (Case No. 3:21-cv-01342-JPG, Doc. 55, Doc. 56). On September 1, 2023, the Plaintiff refiled their claims in state court and the case was removed to federal court on October 9, 2023. (Doc. 1). The Defendants filed a motion to dismiss on October 16, 2023. (Doc. 7).

In the state of Illinois, claims for personal injury must be brought within two years after the injury or the injury has accrued. 735 Ill. Comp. Stat. 5/13-202, Ch. 110, par. 13-202, § 13-202 ("Statute of Limitations"). Though if a case is dismissed for procedural reasons outside this statute of limitations, a civil personal injury claim can be refiled within one year of the dismissal. 735 Ill. Comp. Stat. 5/13-217 ("Savings Clause"). However, the Savings Clause does not apply if the case is dismissed for lack of prosecution. *Id.*

Here, the Plaintiff's case was dismissed for lack of prosecution after repeated warnings. At the time of dismissal—August 30, 2022—more than years had passed since the alleged injury and at the time of refiling, more than one year had passed since dismissal. The Plaintiff may erroneously believe that because the written order of dismissal was not entered until September 2, 2022, that the dismissal on August 30, 2022, was not effective; this is false. The Plaintiff was repeatedly warned that failure to respond or appear would result in dismissal, specifically for lack of prosecution. At their failure to appear, the Court dismissed the Plaintiff's claims accordingly. Thus, August 30, 2022, is the date of dismissal, not September 2, 2022; this means that the Plaintiff's refiling on September 1, 2023, is untimely.

However, the Plaintiff may that the dismissal was not effective until September 2, 2022—thus making his filing on September 1, 2022, within the one year period. However, the Savings Clause does not protect claims that are dismissed for lack of jurisdiction. Again, the Plaintiff was repeatedly warned that his case would be dismissed for lack of prosecution prior to

dismissal. Consequently, even if the Plaintiff's refiling was timely, because the Plaintiff's case was dismissed for lack of prosecution, the Savings Clause does not apply. As a result, the ordinary statute of limitations period applies; meaning the Plaintiff's claims are time barred.

## CONCLUSION

Because the Savings Clause does not apply and the purported injuries occurred more than two years ago, the Plaintiff's claim is barred by the Statute of Limitation. Accordingly, the Court **DISMISSES** this case **with prejudice**.

**IT IS SO ORDERED.**
**DATED:  November 30, 2023**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**